# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JAMES BRADLEY HAAG,

Petitioner,

v.

JAMES TILTON, Director of Corrections

Respondent.

_______________________________________/

1:07-CV-00856 DLB HC

ORDER DENYING PETITIONER'S MOTIONS FOR DISCOVERY, EXPANSION OF THE RECORD, AND EVIDENTIARY HEARING, WITHOUT PREJUDICE

[Docs. 27, 28, 29]

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

The instant petition is ready for review on the merits, as Respondent filed an answer to the petition on January 2, 2008, and Petitioner filed a traverse on February 27, 2008. (Court Docs. 18, 30.)

Pending before the Court is Petitioner's motions for discovery, expansion of the record, and evidentiary hearing, filed on February 27, 2008. (Court Docs. 27, 28, 29.) Respondent filed a response on April 28, 2008, and Petitioner filed a reply on May 15, 2008. (Court Docs. 32, 34.)

A. Motion for Discovery

In his motion for discovery, Petitioner requests a copy of the "Reporter's" Transcripts as reflected in numbers 15, 16, and 17, of the Notice of Lodging filed by Respondent on January 10, 2008. (Court Doc. 20.) As Respondent correctly states, numbers 15, 16, and 17, reference the

Clerk's Transcript on Appeal, Volumes 1 through 3. (Id.) In addition, numbers 18, 19, or 20, are not referenced on the Notice of Lodging; rather, the numbers jump from 17 to 21. (Id.) Thus, Petitioner's request for a copy of the transcripts as reflected in numbers 18 through 20, is unfounded as those numbers do not exist on the copy of the Notice of Lodging filed in this Court on January 10, 2008. (Id.) Based on the foregoing, Petitioner's motion for discovery, shall be denied, without prejudice.

B. Motion for Expansion of Record

In his motion to expand the record, Petitioner seeks to have this Court consider as evidence: (1) letters to his trial counsel; (b) a videocassette recording; and (c) letters to and from appellate counsel. In opposition, Respondent argues that Petitioner has failed to demonstrate that these items were presented to the California Supreme Court on either direct appeal or state habeas.

If a petitioner seeks to submit additional evidence to the federal court in support of a new claim or to bolster an existing claim, he must demonstrate that he was not at fault in failing to develop that evidence in state court or, if he was at fault, the conditions prescribed by § 2254(e)(2) are met. This is required even if, as here, the petitioner seeks relief based on new evidence without an evidentiary hearing. Holland v. Jackson, 542 U.S. 649 (2004); see also Cooper-Smith v. Palmateer, 397 F.3d 1236, 1241-42 (9th Cir. 2005) (a petitioner "must comply with § 2245(e)(2) in order to expand the record under Rule 7.").

The Letters

As Respondent correctly points out, Petitioner concedes (as is evident by his filings), that he did not present the letters with habeas corpus petition filed in the California Supreme Court. It appears that such letters may be in Petitioner's possession, which begs the question why he did not submit them to the California Supreme Court. Petitioner merely points to the fact that the state courts issued summary denials of his petitions. Even if so, this fact did not prevent Petitioner from submitting such letters, as was incumbent upon him, to the California Supreme Court for review. See Holland v. Jackson, 542 U.S. at 652-653. Accordingly, Petitioner's motion shall be denied.

The Videocassette

As Respondent submits, Petitioner does not indicate whether the videocassette recording is in his possession. Respondent indicates that the recording was played for the jurors during trial (see RT at 1277-1378), and counsel did not claim there was a lack of discovery.[1] As such, there is no merit to a claim that a copy of the record was not in counsel's possession, or that Petitioner could not or did not obtain a copy of the recording.[2] Accordingly, there is no basis for Petitioner's failure to submit a copy of the record in support of his claim to the California Supreme Court for review, and Petitioner's failure to do so preventing him from doing so now. See Holland v. Jackson, 542 U.S. at 652-653.

C. Motion for Evidentiary Hearing

Petitioner requests an evidentiary hearing to address the claims raised in his petition.

Rule 8(a) provides that where a petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and transcripts and record of the state court proceedings are filed, shall, *upon review* of those proceedings, determine whether an evidentiary hearing is required. The purpose of an evidentiary hearing is to resolve the merits of a factual dispute. An evidentiary hearing on a claim is required where it is clear from the petition that: (1) the allegations, if established, would entitle the petitioner to relief; and (2) the state court trier of fact has not reliably found the relevant facts. See Hendricks v. Vasquez, 974 F.2d 1099, 1103 (9th Cir.1992). As the function of an evidentiary hearing is to try issues of fact, Townsend v. Sain 372 U.S. 293, 309 (1963)(*overruled in part by* Keeney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715 (1993)), such a hearing is unnecessary when only issues of law are raised. Id.

The purpose of an evidentiary hearing is to resolve the merits of a *factual* dispute. In the instant case, the Court has yet to review the instant petition and until a thorough review of the merits of Petitioner's claims, it cannot be determined that a factual dispute necessitating an

---

[1] See Cal. Penal Code § 1054.1 ("The prosecuting attorney shall disclose to the defendant or his . . . attorney . . . [¶] (c) All relevant real evidence . . . obtained . . .") & § 1054.7 (disclosure required thirty days prior to trial).

[2] Respondent does not have a copy of the recording because it was not admitted into evidence and it was not augmented into the record on appeal.

evidentiary hearing is present. Following a thorough review of the petition's merits, the Court will sua sponte issue an order for an evidentiary hearing should it find one necessary. Accordingly, the request for an evidentiary hearing is DENIED.

IT IS SO ORDERED.

**Dated: July 17, 2008** /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE