1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   JAMES BRADLEY HAAG,                         1:07-CV-00856 DLB HC

10                      Petitioner,             ORDER DENYING PETITIONER'S MOTIONS
                                                FOR DEFAULT AND/OR CONTEMPT
11          v.
                                                [Docs. 62, 64, 68, 69]
12
13   JAMES TILTON, Director of Corrections

14                      Respondent.
     _____/

15

16          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17   pursuant to 28 U.S.C. § 2254.   Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to

18   the jurisdiction of the United States Magistrate Judge.   This case is ready for review on the

     merits.
19
20          Petitioner has filed several motions requesting default judgment and/or sanctions against

21   Respondent.  Petitioner faults Respondent for failing to submit a complete copy of the

22   transcripts, including the voir dire and opening statements.   In a separate order issued

23   concurrently herewith, the Court has granted Petitioner's request for a complete copy of the

24   transcripts, including the voir dire and opening statements.  Accordingly, Petitioner's complaint

     is now moot.
25
26          Moreover, entry of default is appropriate as to any party against whom a judgment for

27   affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal

28   Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise.  See

Fed. R. Civ. P. 55(a).   Respondent has filed a timely answer to the petition and default is simply unwarranted.

Nor has Petitioner demonstrated a basis for imposition of sanctions against Respondent. Local Rule 11-110 provides that "a failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  A finding of "bad faith" is required for imposing sanctions under the inherent power of the court.  Fink v. Gomez, 239 F.3d 989, 993 (9th Cir.2001), *citing* Barber v. Miller, 146 F.3d 707 (9th Cir.1998).

Here, the Court finds no evidence of bad faith on the part of Respondent.  It is clear Respondent has addressed the merits of the petition and has thoroughly responded to all court orders in a timely fashion.  Furthermore, the relief Petitioner requests, that the petition be granted, is unavailable as a form of sanction.  Petitioner's motion for sanctions shall be denied.

Based on the foregoing, it is HEREBY ORDERED that:

1.      Petitioner's motions for default judgment and/or sanctions are DENIED.

IT IS SO ORDERED.

**Dated:      September 23, 2009**               **/s/ Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE