# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BRADLEY HAAG, | ) Case No.:1:07-cv-00856 DLB (HC) |
| Plaintiff, | ) ORDER DENYING PETITIONER'S |
| vs. | ) MOTIONS FOR RECONSIDERATION |
| JAMES E. TILTON, | ) [Docs. 99, 102, 106] |
| Defendant | ) |

On February 23, 2011, the Court denied the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, and judgment was entered in favor of Respondent.[1]

On March 1, 2011, Petitioner filed a motion for reconsideration, and on March 10, 2011, Petitioner filed a notice of appeal.  Then on March 14, 2011, Petitioner filed a second motion for reconsideration.[2]

On June 4, 2012, the Ninth Circuit Court of Appeals, issued an order holding the appeal in abeyance pending this Court's resolution of the pending motions.

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), the parties consented to the jurisdiction of the United States magistrate judge. Local Rule 305(b).

[2] Petitioner filed a duplicate copy of the second motion for reconsideration on March 17, 2011.

A United States Magistrate Judge may obtain jurisdiction by consent of the parties. See 28 U.S.C. § 636. On June 29, 2007, Petitioner indicated that he consented to have the undersigned Magistrate Judge issue all dispositive rulings in this case pursuant to 28 U.S.C. § 636(c). That subsection provides that the magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment. . . ." In such cases, the Magistrate Judge sits as the District Judge, and therefore rules on all matters in the case.

It now appears that Petitioner mistakenly believes that despite his consent to Magistrate Judge jurisdiction, he has recourse by way of a motion for reconsideration before a district judge. However, when a party has consented to proceed before a magistrate judge, as Petitioner did, that party should file a motion for reconsideration with the magistrate judge who issued the order. Therefore, Petitioner is not entitled to reconsideration by a district judge and his request is denied. Even if Petitioner later attempted to decline to magistrate judge jurisdiction, he cannot withdraw his earlier consent based on his disagreement with the Court's rulings or because he simply changed his mind. Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993). The undersigned will construe Petitioner's March 1, 2011 motion to request reconsideration by the undersigned of the February 23, 2011 order dismissing the petition and entering judgment in favor of Respondent. The Court construes Petitioner's March 14, 2011 motion to request reconsideration of the Court's orders regarding submission of certain portions of the Reporter's Transcripts.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;

>   (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>   (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6).

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Although it is not clear what section under which Petitioner is seeking reconsideration, to the extent he attempts to rely upon Rule 60(b)(2), (3), (4), or (6), his motions are without merit. Petitioner's March 14, 2011 motion for reconsideration is based on his disagreement with the Court's decision on the merits and the application of the law to his petition. Petitioner has not shown clear error or other meritorious grounds for relief, and has therefore not met his burden as the party moving for reconsideration. Marlyn Nutraceuticals, Inc., 571 F.3d 873, 880 (9th Cir. 2009). Petitioner's disagreement is not sufficient grounds for relief from the order. United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Petitioner's March 1, 2011, motion for reconsideration also fails under Rule 60(b). On December 12, 2008, the Court directed Respondent to submit a copy of the trial transcripts containing the voir dire information, and on February 23, 2009, the Court directed Respondent to have the voir dire transcripts transcribed. (ECF. Nos. 44, 56.) The voir dire transcripts were filed under seal on August 17, 2009, and on May 14, 2010, the Court directed Respondent to redact the confidential information from the transcripts and re-submit to this Court. (ECF. No. 90.) The redacted transcripts were filed on June 14, 2010. (ECF. No. 93.) Petitioner was sent a copy of the redacted transcripts on June 15, 2010. On September 23, 2010, the Court directed

Respondent to obtain a copy of the Reporter's Transcript of the opening statement made during Petitioner's criminal trial. (ECF. No. 75.) On December 8, 2009, Respondent lodged a copy of the relevant Reporter's Transcripts, which was served on Petitioner. (ECF. No. 86.)

In his motion for reconsideration, Petitioner claims that the undersigned was biased in favor of Respondent based, in part, on the delay in receiving the Reporter's Transcripts. Petitioner contends that Respondent should have been sanctioned for misconduct. However, as stated in the Court's May 14, 2010 order, because Respondent submitted all applicable state court records and has thoroughly complied with this Court's orders, there was no basis for sanctions.[3] (ECF. No. 90.)

"A judge is required to disqualify himself if his impartiality might reasonably be questioned, or if he has a personal bias or prejudice for or against a party." Hasbrouck v. Texaco, Inc., 842 F.2d 1034, 1045 (9th Cir. 1988) (citing 28 U.S.C. §§ 455(a), 455(b)(1)), aff'd, 496 U.S. 543, 110 S.Ct. 2535 (1990). "The bias must stem from an extrajudicial source and not be based solely on information gained in the course of the proceedings." Id. (citing In re Beverly Hills Bancorp, 752 F.2d 1334, 1341 (9th Cir. 1984)). "'Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" In re Focus Media, Inc., 378 F.3d 916, 930 (9th Cir. 2004) (quoting Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147 (1994)). "'In and of themselves . . , they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved.'" Id.

The Court does not agree with Petitioner's assertion. The Court thoroughly reviewed all motions filed by Petitioner and ruled accordingly. All relevant portions of the Reporter's Transcript were submitted and considered by the Court in ruling on the petitioner for writ of habeas corpus as required by Rule 5 of the Rules Governing Section 2254 Cases. The basis of

Petitioner's arguments are centered on his disagreement with the undersigned's rulings which cannot form the basis for bias or reconsideration of prior orders. Accordingly, Petitioner has not shown a basis for relief under Rule 60(b).

      Based on the foregoing, Petitioner's motions for reconsideration are HEREBY DENIED.

IT IS SO ORDERED.

      Dated:   **July 30, 2012**                   /s/ *Dennis L. Beck*
                                                             UNITED STATES MAGISTRATE JUDGE